WILLIAM R.H. MOSHER, SBN 228253
Email: wmosher@fisherphillips.com
FISHER & PHILLIPS LLP
621 Capitol Mall, Suite 1400
Sacramento, California 95814
Telephone: (916) 210-0400
Facsimile: (916) 210-0401

Attorneys for Defendant
COVENANT AVIATION SECURITY, LLC

# IN THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SALVATORE ALIOTO,<br><br>Plaintiff,<br><br>v.<br><br>COVENANT AVIATION SECURITY, LLC,<br>an Illinois limited liability company;<br>and DOES 1-50, inclusive,<br><br>Defendants | CASE NO.:<br><br>*[Previously Alameda Superior Court Case No. 21CV003258; Assigned for all purposes to the Hon. Jeffrey Brand, Dept. 22]*<br><br>**DEFENDANT COVENANT AVIATION SECURITY, LLC'S NOTICE OF REMOVAL UNDER 28 U.S.C. §§ 1332, 1441 AND 1446**<br><br>State Action Filed: November 29, 2021<br>Trial Date:        None Set |

**TO PLAINTIFF AND THE CLERK OF THE ABOVE ENTITLED COURT:**

**PLEASE TAKE NOTICE** that Defendant COVENANT AVIATION SECURITY, LLC ("Defendant") hereby removes the above-entitled action filed by Plaintiff SALVATORE ALIOTO ("Plaintiff") from the Superior Court of the State of California, County of Alameda, to the United States District Court for the Northern District of California, pursuant to 28 U.S.C. § § 1332, 1441, and 1446. In support of removal, Defendant states as follows:

## I.    PROCEDURAL HISTORY

1.    *Complaint filing*. On or about November 29, 2021, Plaintiff filed a Complaint against Defendant in the Superior Court of the State of California, in and for the County of Alameda, Case No. 21CV003258 (the "Complaint"). The Complaint alleges causes of action for: (1) Disability Discrimination in Violation of FEHA, (2) Failure to Accommodate in Violation of FEHA, (3) Failure to Engage in the Interactive Process in Violation of FEHA, (4) Retaliation in Violation of FEHA, (5) Failure to Prevent in Violation of FEHA, and (6) Wrongful Termination in Violation of Public Policy.  See Declaration of William R.H. Mosher ("Mosher Decl.") at ¶ 2.

2.    *Service of the Original Complaint*. On December 22, 2021, Plaintiff served his Complaint upon Defendant. Mosher Decl. at ¶ 3.

3.    On January 19, 2022, Defendant filed an Answer to the Complaint in Alameda County Superior Court. Mosher Decl. at ¶ 4.

4.    Pursuant to 28 U.S.C. Section 1446(a), true and correct copies of the Summons, Complaint, Civil Case Cover Sheet, and other related documents that were served upon Defendant, and Defendant's Answer to the Complaint, are attached hereto as **Exhibit "A."** Mosher Decl. at ¶ ¶ 1-4.

5.    Based on information and belief, there are no other pleadings filed in this matter. Mosher Dec. at ¶ 5.

## II.    TIMELINESS OF REMOVAL

6.    Under 28 U.S.C. Section 1446(b), a "notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise[.]" The 30-day period for removal is triggered once service occurs. *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999).

7.     Defendant first received the Summons, Complaint, and other related documents when it was served with them on December 22, 2021. See **Exhibit "A"** to the Notice of Removal; Mosher Decl. at ¶ 3. Defendant filed this Notice of Removal on January 19, 2022.

**III.     VENUE**

8.     This action originally was brought in the Superior Court of the State of California, County of Alameda. Venue therefore lies in the Northern District of this Court under 28 U.S.C. § § 1441, 1446(a), and 84(b), and Northern District Local Rule 3-2(d).

**IV.     BASIS FOR REMOVAL JURISDICTION**

9.     This Court has diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332 because Plaintiff and Defendant are citizens of different states, none of the Defendants are citizens of California, and the amount in controversy exceeds $75,000 exclusive of interest and costs. Accordingly, this case may be removed to this Court under 28 U.S.C. § 1441 and 1446.

**A.     Plaintiff's Citizenship**

10.     Plaintiff Salvatore Alioto acknowledges that he is a resident of California, and at all times relevant to this action resided in and worked in California. Complaint at ¶ ¶ 1-2 and 7.

11.     To establish citizenship for diversity purposes, a natural person must be domiciled in a particular state. *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983). Residence generally dictates domicile: natural persons are domiciled in the places they reside with the intent to remain or to which they intend to return. *Kanter v. Warnter-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). Residence  is *prima facie* evidence  of domicile. *Mondragon v. Capital One Auto Fin.*, 736 F.3d 880, 886 (9th Cir. 2013); *State Farm Mut. Auto. Ins. Co. v. Dyer,* 19 F.3d 514, 520 (10th Cir. 1994); *Marroquin v. Wells Fargo, LLC*, No. 11CV163-L BLM, 2011 WL 476540, at *1 (S.D. Cal. Feb. 3, 2011). An existing domicile is presumed to continue. *Mitchell v. United States*, 88 U.S. 350, 353 (1875) ("[D]omicile, once acquired, is presumed to continue until it is shown to have been changed."); *Mintzis v. Scott*, No. 2:14-CV-01799-CAS, 2014 WL 3818104, at *5 (C.D. Cal. July 30, 2014); *Bank One, Texas, N.A. v. Montle*, 964 F.3d 281, 288 (3d Cir. 2006). It is presumed that a natural person's residence is also his domicile, and a party resisting this presumption bears the burden of producing contrary evidence. *Lew v. Moss*, 797 F.2d 747, 751 (9th Cir. 1986).

12.     Given that Plaintiff is a resident of California and has been a resident of California at all times relevant to this action, Plaintiff is domiciled in and is therefore a citizen of the State of California. Complaint at ¶¶ 1-2 and 7.

**B.     Defendant's Citizenship**

13.     Defendant in this action is an Illinois limited liability company. Declaration of Jim Brown ("Brown Decl.") at ¶ 4.

14.     "[L]ike a partnership, an LLC is a citizen of every state of which its owners/members are citizens." *Johnson v. Columbia Properties Anchorage, LP* (9th Cir. 2006) 437 F.3d 894, 899.

15.     At the time of the filing of this action, and at all times since then, Defendant's sole owner and member was and has been CAS Holdings, Inc. ("CAS"), a corporation organized under the laws of Illinois.  Brown Decl. at ¶ 5.

16.     Also at the time of the filing of this action, and at all times since then, CAS's headquarters has been located in Bolingbrook, Illinois; CAS's top leadership, including CAS's Chief Executive Officer, Chief Financial Officer, Secretary, and General Counsel, have been located in Illinois; and all high-level decisions about CAS's business, strategy, operations, and investments have been made from its headquarters in Bolingbrook, Illinois.  Brown Decl. at ¶ 6.

17.     A "corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. § 1332(c)(1). As the Supreme Court explained, a corporation's principal place of business is "the place where a corporation's officers direct, control, and coordinate the corporation's activities. It is the place that Courts of Appeals have called the corporation's 'nerve center.'" *Hertz Corp. v. Friend*, 559 U.S. 77, 88–92 (2010).

18.     Thus, by any test, CAS's principal place of business or "nerve center" is in Illinois. Accordingly, both CAS and Defendant are citizens of Illinois.

19.     The Complaint also names as defendants Does 1-50. See Complaint, ¶ 3. The citizenship of fictitiously-named Doe defendants must be disregarded for removal. 28 U.S.C. § 1441(a); *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 690–91 (9th Cir. 1998).

///

20.     For the reasons set forth above, no defendant in this action is a citizen of California, diversity of citizenship exists between the parties.

### C.     Amount in Controversy

21.     The Court has diversity jurisdiction over an action in which the parties are not citizens of the same state and "the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs." 28 U.S.C. § 1332(a). In diversity cases involving multiple plaintiffs, where at least one named plaintiff satisfies the amount in controversy requirement, the Court possesses supplemental jurisdiction over the claims of all other plaintiffs to the same case or controversy, even if those claims are for less than the otherwise required amount in controversy. *Exxon Mobil Corp. v. Allapattah Servs., Inc.* 545 U.S. 546, 549 (2005).  The amount in controversy for jurisdictional purposes is determined by the amount of damages at issue at the time of removal. *Merit-Care, Inc. v. St. Paul Mercury Ins. Co.* 166 F.3d 214, 217–218 (3rd Cir. 1999). Any past or future attorneys' fees to which a party might be entitled under a contract or statute are also part of the amount in controversy. *Fritsch v. Swift Transp. Co. of Ariz., LLC 899 F.3d 785, 788 (9th Cir. 2018).*

22.     Meeting the $75,000.00 threshold necessary for diversity jurisdiction is not particularly burdensome. When seeking removal of a state court action to federal court based on diversity jurisdiction, "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens,* 135 S. Ct. 547, 554 (2014). The failure of the complaint to specify the total amount of damages or other monetary relief sought by the plaintiff does not deprive federal courts of jurisdiction. *See Saulic v. Symantec Corp.*, No. SA CV 07-610 AHS (PLAx), 2007 WL 5074883, *5 (C.D. Cal. Dec. 26, 2007); *Mosher-Williams v. Charles Tini & Associates, Inc.*, 53 F.Supp.3d 149, 152 (D.D.C. 2014) (amount in controversy threshold in a disability discrimination case was undoubtedly met after taking into account the plaintiff's ability to recover unspecified amounts of compensatory damages, punitive damages, and attorneys' fees); *White v. J. C. Penney Life Ins. Co.,* 861 F.Supp. 25, 26 (S.D. W.Va. 1994) (defendant may remove suit to federal court notwithstanding failure of plaintiff to plead specific dollar amount in controversy; if the rules were otherwise, "any Plaintiff could avoid removal simply by declining . . . to place a specific dollar claim upon its claim[]"). Supporting evidence is only required if the plaintiff

contests, or the district court questions, the allegations contained within the removal notice. *Dart Cherokee Basin Operating Co., LLC*, 135. S. Ct. at 554. Defendant need only to establish by *a preponderance of evidence* that the claims exceed the jurisdictional minimum. *Rodriguez v. AT & T Mobility Servs. LLC*, 728 F.3d 975, 982 (9th Cir. 2013); *Singer v. State Farm Mutual Auto. Ins. Co.*, 116 F.3d 373, 376 (9th Cir. 1997).

23.     As set forth in Defendant's Answer to the Complaint, Defendant denies Plaintiff' allegations, denies any liability to Plaintiff, and denies that Plaintiff has suffered any damages attributable to Defendant. Nevertheless, in assessing the amount in controversy for diversity jurisdiction purposes, the court must assume that a jury will return a verdict for the plaintiff on all claims made in the complaint. *Bank of California Nat. Ass'n v. Twin Harbors Lumber Co.*, 465 F.2d 489, 491 (9th Cir. 1972); *Roth v. Comerica Bank*, 799 F.Supp.2d 1107, 1117 (C.D. Cal. 2010); *Kenneth Rothchild Trust v. Morgan Stanley Dean Witter*, 199 F.Supp.2d 993, 1001 (C.D. Cal. 2002). This includes any possible award of attorneys' fees where, as here, a statute at issue awards attorneys' fees to the prevailing party. *See Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005) ("The amount in controversy includes the amount of damages in dispute, as well as attorney's fees, if authorized by statute or contract.") (citations omitted); *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155 (9th Cir. 1998) (citing *Velez v. Crown Life Ins. Co.*, 599 F.2d 471, 474 (1st Cir. 1979)). The ultimate inquiry is what amount is put in controversy by the complaint, not what the amount of the defendant's liability (if any) will ultimately be.

24.     The claims and allegations in Plaintiff's Complaint make it clear that the amount in controversy will more likely than not exceed $75,000.00 for each Plaintiff, individually. First, Plaintiff has clearly marked the case as <u>unlimited</u> jurisdiction, which means the amount in controversy at least exceeds $25,000.00. Mosher Decl. at ¶2.   Second, Plaintiff seek judgment against Defendant for loss of "substantial" past salary and benefits, loss of "substantial" future salary and benefits, loss of employment related opportunities, damage to his professional reputation, medical expenses, continuing physical and emotional suffering, and attorneys' fees. See Complaint at ¶¶ 20-22, 29-30, 35-37, 42-44, 49-52, 56, Prayer for Relief 1-6. Although Defendant denies Plaintiff's claims and his unspecified requests for relief related thereto, the facial allegations in the Complaint and the nature of the allegations and damages

sought make it more likely than not that the amount in controversy is well in excess of $75,000.00 for Plaintiff, individually.

25.     Based on the nature of the allegations and damages sought in the Complaint, the nature of the allegations and the claimed damages are sufficient to establish that Plaintiff, individually, has placed in controversy an amount exceeding the jurisdictional amount of $75,000.00, exclusive of costs and interest. Accordingly, pursuant to 28 U.S.C. Sections 1332 and 1441(a), this state court action may be removed to the United States District Court for the Northern District of California because, at the time this action was filed and the present time, diversity jurisdiction exists.

**V.     NOTICE PROVIDED TO STATE COURT AND PLAINTIFF**

26.     In accordance with 28 U.S.C. Section 1446(d), promptly after the filing of this Notice with the above-entitled Court, Defendant will give written notice thereof to all adverse parties (i.e., Plaintiff) and will file a copy of this Notice with the Clerk of Court of the Superior Court of the State of California, County of Alameda.

27.     Defendant respectfully requests that the above-mentioned litigation, now pending before the Superior Court of the State of California, County of Alameda, be removed to this Court based on diversity jurisdiction.


DATE: January 20, 2022                    FISHER & PHILLIPS LLP


                                          By: */s/ William R.H. Mosher*_____
                                               WILLIAM R.H. MOSHER

                                          Attorneys for Defendant
                                          SALVATORE ALIOTO

DEFENDANT'S NOTICE OF REMOVAL

FP 42837876.1

# EXHIBIT A

# EXHIBIT A

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
COVENANT AVIATION SECURITY, LLC, an Illinois limited liability company; and DOES 1-50, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
SALVATORE ALIOTO, an individual,

**ELECTRONICALLY FILED**
Superior Court of California
County of Alameda
**11/29/2021**
Chad Finke, Executive Officer / Clerk of the Court
By: _____ Curtiyah Ganter _____ Deputy

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is: Superior Court of the State of California<br>*(El nombre y dirección de la corte es):*<br>County of Alameda<br>1225 Fallon Street, Oakland, California 94612 | CASE NUMBER: *(Número del Caso):*<br>**21CV003258** |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Brock & Gonzales LLP, 6701 Center Drive West, Ste. 610, Los Angeles, CA 90045, (310) 294-9595

DATE: 11/29/2021               Chad Finke, Executive Officer / Clerk of the Court
*(Fecha)*                       Clerk, by _____ Curtiyah Ganter _____, Deputy
                                *(Secretario)*                         *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* COVENANT AVIATION SECURITY, LLC, AN ILLINOIS LIMITED LIABILITY COMPANY

   under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☒ other *(specify):* LLC
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courts.ca.gov

For your protection and privacy, please press the Clear
This Form button after you have printed the form.

   

**BROCK & GONZALES, LLP**
6701 CENTER DRIVE WEST, STE. 610
LOS ANGELES, CA 90045
Tel: (310) 294-9595
Fax: (310) 961-3673
TIMOTHY J. GONZALES, STATE BAR NO. 234923
D. AARON BROCK, STATE BAR NO. 241919

**Attorneys for Plaintiff**
Salvatore Alioto

**ELECTRONICALLY FILED**
Superior Court of California,
County of Alameda
**11/29/2021 at 02:44:26 PM**
By: Curtiyah Ganter, Deputy Clerk

1
2
3
4
5
6
7
8

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF ALAMEDA

9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

| | |
|---|---|
| SALVATORE ALIOTO, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>COVENANT AVIATION SECURITY, LLC, an Illinois limited liability company; and DOES 1-50, inclusive,<br><br>Defendants. | Case No.:  21CV003258<br><br>**PLAINTIFF'S COMPLAINT FOR DAMAGES FOR:**<br><br>1. **DISABILITY/MEDICAL CONDITION DISCRIMINATION IN VIOLATION OF THE FEHA;**<br><br>2. **FAILURE TO ACCOMMODATE IN VIOLATION OF THE FEHA;**<br><br>3. **FAILURE TO ENGAGE IN AN INTERACTIVE PROCESS IN VIOLATION OF THE FEHA;**<br><br>4. **RETALIATION IN VIOLATION OF THE FEHA;**<br><br>5. **FAILURE TO PREVENT IN VIOLATION OF THE FEHA; and**<br><br>6. **WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY.**<br><br>**DEMAND FOR JURY TRIAL** |

B&G |BROCK&
|GONZALES

1

**COMPLAINT FOR DAMAGES**

1    Plaintiff, SALVATORE ALIOTO, hereby brings his employment complaint, demanding

2  a trial by jury, against the above-named Defendants and states and alleges as follows:

3                                **THE PARTIES**

4    1.    At all times mentioned herein, and at the time each of Plaintiff's causes of action

5  arose, Plaintiff, SALVATORE ALIOTO, was an individual and a resident of the State of

6  California.

7    2.    Plaintiff is informed and believes, and based thereon alleges, that Defendant

8  COVENANT AVIATION SECURITY, LLC was an Illinois limited liability company doing

9  business in the County of Alameda, State of California, at 1 Airport Drive, Oakland, California

10  94621. At the time the causes of action arose, Defendant COVENANT AVIATION SECURITY,

11  LLC and/or DOES 1 through 50 were Plaintiff's employer(s).

12    3.    Plaintiff is unaware of the true names and capacities of Defendants sued herein as

13  DOES 1 through 50, inclusive, and for that reason sues said Defendants by such fictitious names.

14  Each of the Defendants designated herein as a DOE is negligently, intentionally, or otherwise

15  legally responsible in some manner for the events and happenings herein referred to and caused

16  injuries and damages proximately thereby to the Plaintiff, as herein alleged. Plaintiff will file and

17  serve one or more amendments to this complaint upon learning the true names and capacities of

18  said Defendants.

19    4.    Plaintiff is informed and believes that each of the fictitiously named Defendants is

20  responsible in some manner for, and proximately caused, the injuries and damages to Plaintiff

21  hereinafter alleged.

22    5.    Plaintiff is informed and believes, and based thereon alleges, that each of the

23  Defendants named herein acted as the employee, agent, servant, partner, alter-ego and/or joint

24  venturer of one or more of the other Defendants named herein. In doing the acts and/or

25  omissions alleged herein, each of said Defendants acted within the course and scope of his or her

26  relationship with any other Defendant; and gave and received full consent, permission and

27  ratification to the acts and/or omissions alleged herein.

28

**COMPLAINT FOR DAMAGES**

1    6.    Hereinafter in this Complaint, unless otherwise noted, reference to a Defendant shall

2    mean all Defendants, and each of them.

3    **THE FACTUAL ALLEGATIONS**

4    7.    Plaintiff began his employment with the company that would eventually become

5    Defendant COVENANT AVIATION SECURITY, LLC in or around 2016. Plaintiff became an

6    employee of Defendant COVENANT AVIATION SECURITY, LLC on or about September 1,

7    2019. Defendant COVENANT AVIATION SECURITY, LLC wrongfully terminated Plaintiff's

8    employment, effective on or about December 7, 2019.

9    8.    Plaintiff worked for Defendant in the position of Security Guard Supervisor.

10   Throughout Plaintiff's employment, he was a good employee.

11   9.    In or around 2018, Plaintiff was diagnosed with prostate cancer. He underwent

12   surgery on or about December 17, 2018 and was taken off work until on or about March 11,

13   2019 to treat and recover.

14   10.   On or about November 19, 2019, Plaintiff notified Defendant that he needed to

15   resume treatment for cancer. Specifically, Plaintiff informed Defendant that he would be

16   receiving an injection to lower his testosterone on or about November 26, 2019 and that

17   beginning in or around January 2020, he would need to undergo 35 radiation treatments. Plaintiff

18   informed Defendant that the side effects of his medical treatment, including the injection, could

19   be tiredness and fatigue.

20   11.   After Plaintiff's November 26, 2019 injection, Defendant required Plaintiff work the

21   next six days in a row – November 27, 28, 29, 30, December 1 and 2 – because Defendant was

22   understaffed. During Plaintiff's shift on December 2, 2019, at 12:36 p.m., when Plaintiff was on

23   an unpaid meal break according to Defendant's time records, Plaintiff's supervisor accused

24   Plaintiff of having the "appearance of sleeping while on duty." After Plaintiff completed his

25   entire shift that day, working another four hours, Defendant suspended Plaintiff.

26   12.   In response to his suspension, Plaintiff informed Defendant that he did not fall

27   asleep while on duty but that he closed his eyes after the words he was reading became blurry.

28   He again notified Defendant of his disability/medical condition and of his recent medical

3

**COMPLAINT FOR DAMAGES**

B&G | BROCK & GONZALES

1    procedure, which would explain what Plaintiff was experiencing during his shift on December 2,
2    2019.

3        13.    Despite this knowledge, and without ever engaging in an interactive process,
4    Defendant terminated Plaintiff's employment for "sleeping or giving the appearance of sleeping
5    while on duty."

6        14.    Plaintiff is informed and believes, and based thereon alleges, that Defendant failed
7    to accommodate Plaintiff's disability and terminated Plaintiff's employment on account of his
8    disability and need for accommodation. Indeed, at the time of his termination, Plaintiff's
9    supervisor informed Plaintiff that Plaintiff's future medical treatment could negatively affect his
10   ability to do his job.

11                **EXHAUSTION OF ADMINISTRATIVE REMEDIES**
12       15.    On December 7, 2020, Plaintiff filed a complaint against Defendant with the
13   California Department of Fair Employment and Housing. Plaintiff received a "Right-to-Sue"
14   letter from said department that same day. This Complaint is timely filed pursuant to that letter.

15                        **FIRST CAUSE OF ACTION**
16   **DISABILITY/MEDICAL CONDITION DISCRIMINATION IN VIOLATION OF THE**
17                                **FEHA**
18                        **(Against ALL Defendants)**

19       16.    Plaintiff restates and incorporates by this reference as if fully set forth herein
20   paragraphs 1 through 15 of this Complaint.

21       17.    At all times herein mentioned, the FEHA was in full force and effect and was
22   binding on Defendants, as Defendants regularly employed five or more persons.

23       18.    California Government Code § 12940(a) requires Defendants to refrain from
24   discriminating against any employee on the basis of perceived and/or actual disability/medical
25   condition.

26       19.    Defendants engaged in unlawful employment practices in violation of the FEHA.
27       20.    As a proximate result of the aforesaid acts of Defendants, Plaintiff has suffered
28   actual, consequential and incidental financial losses, including without limitation, loss of salary

**COMPLAINT FOR DAMAGES**

B&G|BROCK&
     |GONZALES

1    and benefits, and the intangible loss of employment related opportunities in his field and damage

2    to his professional reputation, all in an amount subject to proof at the time of trial. Plaintiff

3    claims such amounts as damages pursuant to California Civil Code § 3287 and/or § 3288 and/or

4    any other provision of law providing for prejudgment interest.

5        21.    As a proximate result of the wrongful acts of Defendants, Plaintiff has suffered and

6    continues to suffer emotional distress, humiliation, mental anguish and embarrassment, as well

7    as the manifestation of physical symptoms. Plaintiff is informed and believes, and thereupon

8    alleges, that he will continue to experience said physical and emotional suffering for a period in

9    the future not presently ascertainable, all in an amount subject to proof at the time of trial.

10       22.    As a proximate result of the wrongful acts of Defendants, Plaintiff has been forced

11   to hire attorneys to prosecute his claims herein, and has incurred and is expected to continue to

12   incur attorneys' fees and costs in connection therewith. Plaintiff is entitled to recover attorneys'

13   fees and costs under California Government Code § 12965(b).

14       23.    The actions taken against Plaintiff were carried out and ratified by officers and

15   managers of Defendant. In addition, Defendant had in place policies and procedures that

16   specifically prohibited discrimination based on a disability and required Defendant's managers,

17   officers, and agents to prevent disability discrimination. However, Defendants chose to

18   consciously and willfully ignore said policies and procedures and therefore, their outrageous

19   conduct was fraudulent, malicious, oppressive, and was done in wanton disregard for the rights

20   of Plaintiff and the rights and duties owed by each Defendant to Plaintiff. Each Defendant aided,

21   abetted, participated in, authorized, ratified, and/or conspired to engage in the wrongful conduct

22   alleged above. Plaintiff should, therefore, be awarded exemplary and punitive damages against

23   each Defendant in an amount to be established that is appropriate to punish each Defendant and

24   deter others from engaging in such conduct in the future.

25   ///

26   ///

27   ///

28   ///

5

**COMPLAINT FOR DAMAGES**

**SECOND CAUSE OF ACTION**

**FAILURE TO ACCOMMODATE IN VIOLATION OF THE FEHA**

**(Against ALL Defendants)**

24.   Plaintiff restates and incorporates by this reference as if fully set forth herein paragraphs 1 through 23 of this Complaint.

25.   At all times herein mentioned, the FEHA was in full force and effect and was binding on Defendants, as Defendants regularly employed five or more persons.

26.   California Government Code §12940(m) imposes upon employers certain affirmative duties when confronted with an employee who has a disability.

27.   Defendants failed to fulfill their affirmative duty to reasonably accommodate Plaintiff. Defendants' actions were in direct contravention of the FEHA.

28.   Plaintiff alleges that with reasonable accommodations he could have fully performed all duties and functions of his job in an adequate, satisfactory and/or outstanding manner.

29.   As a direct and legal result of Defendants' discriminatory actions herein referenced, Plaintiff has suffered and continues to suffer general and special damages including but not limited to substantial losses in earnings, other employment benefits, physical injuries, physical sickness, as well as emotional distress, all to his damage in an amount according to proof.

30.   As a proximate result of the wrongful acts of Defendants, and each of them, Plaintiff has been forced to hire attorneys to prosecute his claims herein, and has incurred and is expected to continue to incur attorneys' fees and costs in connection therewith. Plaintiff is entitled to recover attorneys' fees and costs under California Government Code § 12965(b).

31.   The actions taken against Plaintiff were carried out and ratified by officers and managers of Defendant. In addition, Defendant had in place policies and procedures to accommodate the disability of its employees. However, Defendants chose to consciously and willfully ignore said policies and procedures and therefore, their outrageous conduct was fraudulent, malicious, oppressive, and was done in wanton disregard for the rights of Plaintiff and the rights and duties owed by each Defendant to Plaintiff. Each Defendant aided, abetted, participated in, authorized, ratified, and/or conspired to engage in the wrongful conduct alleged

6

**COMPLAINT FOR DAMAGES**

1   above. Plaintiff should, therefore, be awarded exemplary and punitive damages against each

2   Defendant in an amount to be established that is appropriate to punish each Defendant and deter

3   others from engaging in such conduct in the future.

### THIRD CAUSE OF ACTION

### FAILURE TO ENGAGE IN AN INTERACTIVE PROCESS IN VIOLATION OF THE FEHA

### (Against ALL Defendants)

32.   Plaintiff restates and incorporates by this reference as if fully set forth herein paragraphs 1 through 31 of this Complaint.

33.   California Government Code §12940(n) makes it unlawful for an employer to fail to engage in a timely, good faith, interactive process with the employee to determine effective reasonable accommodations, if any.

34.   Defendants failed to engage in a timely, good faith, interactive process with Plaintiff to accommodate his known disabilities in violation of the FEHA.

35.   As a proximate result of the wrongful conduct of Defendants, and each of them, Plaintiff has suffered and continues to sustain substantial losses in earnings and other employment benefits in an amount according to proof at the time of trial.

36.   As a direct and legal result of Defendants' discriminatory actions herein referenced, Plaintiff has suffered and continues to suffer general and special damages including but not limited to substantial losses in earnings, other employment benefits and emotional distress, all to his damage in an amount according to proof.

37.   As a proximate result of the wrongful acts of Defendants, and each of them, Plaintiff has been forced to hire attorneys to prosecute his claims herein, and has incurred and is expected to continue to incur attorneys' fees and costs in connection therewith. Plaintiff is entitled to recover attorneys' fees and costs under California Government Code §12965(b).

38.   The actions taken against Plaintiff were carried out and ratified by officers and managers of Defendants. In addition, Defendants had in place policies and procedures that specifically required it to engage in the interactive process to accommodate the disabilities of its

7

1  employees. However, Defendants chose to consciously and willfully ignore said policies and

2  procedures and therefore, their outrageous conduct was fraudulent, malicious, oppressive, and

3  was done in wanton disregard for the rights of Plaintiff and the rights and duties owed by each

4  Defendant to Plaintiff. Each Defendant aided, abetted, participated in, authorized, ratified, and/or

5  conspired to engage in the wrongful conduct alleged above. Plaintiff should, therefore, be

6  awarded exemplary and punitive damages against each Defendant in an amount to be established

7  that is appropriate to punish each Defendant and deter others from engaging in such conduct in

8  the future.

9  <u>**FOURTH CAUSE OF ACTION**</u>

10  **RETALIATION IN VIOLATION OF THE FEHA**

11  **(Against ALL Defendants)**

12      39.   Plaintiff restates and incorporates by this reference as if fully set forth herein

13  paragraphs 1 through 38 of this Complaint.

14      40.   California <u>Government Code</u> §12940(h) makes it unlawful for any person to retaliate

15  against an employee who has engaged in a protected activity under the FEHA.

16      41.   Defendants' conduct as alleged above constituted unlawful retaliation in violation of

17  the FEHA.

18      42.   As a proximate result of the aforesaid acts of Defendants, Plaintiff has suffered

19  actual, consequential and incidental financial losses, including without limitation, loss of salary

20  and benefits, and the intangible loss of employment related opportunities in his field and damage

21  to his professional reputation, all in an amount subject to proof at the time of trial.  Plaintiff

22  claims such amounts as damages pursuant to California <u>Government Code</u> § 3287 and/or § 3288

23  and/or any other provision of law providing for prejudgment interest.

24      43.   As a proximate result of the wrongful acts of Defendants, Plaintiff has suffered and

25  continues to suffer emotional distress, humiliation, mental anguish and embarrassment, as well

26  as the manifestation of physical symptoms.  Plaintiff is informed and believes and thereupon

27  alleges that he will continue to experience said physical and emotional suffering for a period in

28  the future not presently ascertainable, all in an amount subject to proof at the time of trial.

**COMPLAINT FOR DAMAGES**

B&G | BROCK & GONZALES

44.    As a proximate result of the wrongful acts of Defendants, Plaintiff has been forced to hire attorneys to prosecute his claims herein, and has incurred and is expected to continue to incur attorneys' fees and costs in connection therewith.  Plaintiff is entitled to recover attorneys' fees and costs under California Government Code § 12965(b).

45.    The actions taken against Plaintiff were carried out and ratified by officers and managers of Defendants. In addition, Defendant had in place policies and procedures that specifically prohibited retaliation and required Defendant's managers, officers, and agents to prevent retaliation.  However, Defendants chose to consciously and willfully ignore said policies and procedures and therefore, their outrageous conduct was fraudulent, malicious, oppressive, and was done in wanton disregard for the rights of Plaintiff and the rights and duties owed by each Defendant to Plaintiff.  Each Defendant aided, abetted, participated in, authorized, ratified, and/or conspired to engage in the wrongful conduct alleged above.  Plaintiff should, therefore, be awarded exemplary and punitive damages against each Defendant in an amount to be established that is appropriate to punish each Defendant and deter others from engaging in such conduct in the future.

### FIFTH CAUSE OF ACTION

### FAILURE TO PREVENT IN VIOLATION OF THE FEHA

### (Against ALL Defendants)

46.    Plaintiff restates and incorporates by this reference as if fully set forth herein paragraphs 1 through 45 of this Complaint.

47.    At all times mentioned herein, California Government Code Sections 12940, et seq., including but not limited to Sections 12940 (j) and (k), were in full force and effect and were binding upon Defendants and each of them.  These sections impose on an employer a duty to take immediate and appropriate corrective action to end discrimination and retaliation and take all reasonable steps necessary to prevent discrimination and retaliation from occurring.

48.    Defendants failed to take immediate and appropriate corrective action to end the discrimination and retaliation.

**COMPLAINT FOR DAMAGES**

49.     In failing and/or refusing to take immediate and appropriate corrective action to end the harassment, discrimination and retaliation, and in failing and/or refusing to take and or all reasonable steps necessary to prevent discrimination and retaliation from occurring, Defendants violated California Government Code § 12940 (j) and (k), causing Plaintiff to suffer damages as set forth above.

50.     As a proximate result of the aforesaid acts of Defendants, and each of them, Plaintiff has suffered actual, consequential and incidental financial losses, including without limitation, loss of salary and benefits, and the intangible loss of employment related opportunities in his field and damage to his professional reputation, all in an amount subject to proof at the time of trial. Plaintiff claims such amounts as damages pursuant to Civil Code § 3287 and/or § 3288 and/or any other provision of law providing for prejudgment interest.

51.     As a proximate result of the wrongful acts of Defendants, and each of them, Plaintiff has suffered and continues to suffer emotional distress, humiliation, mental anguish and embarrassment, as well as the manifestation of physical symptoms. Plaintiff is informed and believes and thereupon alleges that he will continue to experience said physical and emotional suffering for a period in the future not presently ascertainable, all in an amount subject to proof at the time of trial.

52.     As a proximate result of the wrongful acts of Defendants, Plaintiff has been forced to hire attorneys to prosecute his claims herein, and has incurred and is expected to continue to incur attorneys' fees and costs in connection therewith. Plaintiff is entitled to recover attorneys' fees and costs under California Government Code § 12965(b).

53.     The actions taken against Plaintiff were carried out and ratified by officers and managers of Defendants. In addition, Defendant had in place policies and procedures to prevent discrimination and retaliation. However, Defendants chose to consciously and willfully ignore said policies and procedures and therefore, their outrageous conduct was fraudulent, malicious, oppressive, and was done in wanton disregard for the rights of Plaintiff and the rights and duties owed by each Defendant to Plaintiff. Each Defendant aided, abetted, participated in, authorized, ratified, and/or conspired to engage in the wrongful conduct alleged above. Plaintiff should,

**COMPLAINT FOR DAMAGES**

1  therefore, be awarded exemplary and punitive damages against each Defendant in an amount to

2  be established that is appropriate to punish each Defendant and deter others from engaging in

3  such conduct in the future.

### SIXTH CAUSE OF ACTION

### WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY

### (Against ALL Defendants)

7      54.    Plaintiff restates and incorporates by this reference as if fully set forth herein

8  paragraphs 1 through 53 of this Complaint.

9      55.    The FEHA reflects public policies of the State of California, which are designed to

10  protect all employees and to promote the welfare and well-being of the community at large.

11  Accordingly, the actions of Defendants, and each of them, in terminating Plaintiff on the grounds

12  alleged and described herein were wrongful and in contravention of the express public policy of

13  the State of California and the laws and regulations promulgated thereunder.

14      56.    As a proximate result of the aforesaid acts of Defendants, and each of them, Plaintiff

15  has suffered actual, consequential and incidental financial losses, including without limitation,

16  loss of salary and benefits, and the intangible loss of employment related opportunities in his

17  field and damage to his professional reputation, all in an amount subject to proof at the time of

18  trial.  Plaintiff claims such amounts as damages pursuant to Civil Code § 3287 and/or § 3288

19  and/or any other provision of law providing for prejudgment interest.

20      57.    The actions taken against Plaintiff were carried out and ratified by officers and

21  managers of Defendants. In addition, Defendant had in place policies and procedures that

22  specifically prohibited discrimination and retaliation based on a disability and required

23  Defendant's managers, officers, and agents to prevent discrimination and retaliation against and

24  upon employees of Defendant.  However, Defendants chose to consciously and willfully ignore

25  said policies and procedures and therefore, their outrageous conduct was fraudulent, malicious,

26  oppressive, and was done in wanton disregard for the rights of Plaintiff and the rights and duties

27  owed by each Defendant to Plaintiff.  Each Defendant aided, abetted, participated in, authorized,

28  ratified, and/or conspired to engage in the wrongful conduct alleged above.  Plaintiff should,

11

**COMPLAINT FOR DAMAGES**

therefore, be awarded exemplary and punitive damages against each Defendant in an amount to be established that is appropriate to punish each Defendant and deter others from engaging in such conduct in the future.

        **WHEREFORE, Plaintiff prays for judgment as follows:**

        1.   For general damages in an amount within the jurisdictional limits of this Court;

        2.   For special damages, according to proof;

        3.   For punitive damages;

        4.   For medical expenses and related items of expense, according to proof;

        5.   For loss of earnings, according to proof;

        6.   For attorney's fees, according to proof;

        7.   For prejudgment interest, according to proof;

        8.   For costs of suit incurred herein;

        9.   For declaratory relief;

        10. For injunctive relief; and

        11. For such other relief and the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury.

DATED:    November 28, 2021             BROCK & GONZALES, LLP

                            By:    _____

                                  D. AARON BROCK

                                  Attorneys for Plaintiff

**COMPLAINT FOR DAMAGES**

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|

Timothy J. Gonzales SBN: 234923; D. Aaron Brock SBN: 241919
Brock & Gonzales LLP, 6701 Center Drive West, Ste. 610, Los Angeles, CA 90045

TELEPHONE NO.:(310) 294-9595   FAX NO. *(Optional):* (310) 961-3673
E-MAIL ADDRESS:
ATTORNEY FOR *(Name):* Plaintiff, Salvatore Alioto

**ELECTRONICALLY FILED**
Superior Court of California,
County of Alameda
11/29/2021 at 02:44:26 PM
By: Curtiyah Ganter, Deputy Clerk

SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA
STREET ADDRESS:1225 Fallon Street
MAILING ADDRESS:1225 Fallon Street
CITY AND ZIP CODE:Oakland, California 94612
BRANCH NAME:

CASE NAME:
Salvatore Alioto v. Covenant Aviation Security LLC

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| [x] Unlimited (Amount demanded exceeds $25,000) | [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter [ ] Joinder Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | **21CV003258** |
| | | JUDGE: |
| | | DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403) |
|---|---|---|
| [ ] Auto (22) | [ ] Breach of contract/warranty (06) | [ ] Antitrust/Trade regulation (03) |
| [ ] Uninsured motorist (46) | [ ] Rule 3.740 collections (09) | [ ] Construction defect (10) |
| **Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort** | [ ] Other collections (09) | [ ] Mass tort (40) |
| [ ] Asbestos (04) | [ ] Insurance coverage (18) | [ ] Securities litigation (28) |
| [ ] Product liability (24) | [ ] Other contract (37) | [ ] Environmental/Toxic tort (30) |
| [ ] Medical malpractice (45) | **Real Property** | [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41) |
| [ ] Other PI/PD/WD (23) | [ ] Eminent domain/Inverse condemnation (14) | **Enforcement of Judgment** |
| **Non-PI/PD/WD (Other) Tort** | [ ] Wrongful eviction (33) | [ ] Enforcement of judgment (20) |
| [ ] Business tort/unfair business practice (07) | [ ] Other real property (26) | **Miscellaneous Civil Complaint** |
| [ ] Civil rights (08) | **Unlawful Detainer** | [ ] RICO (27) |
| [ ] Defamation (13) | [ ] Commercial (31) | [ ] Other complaint *(not specified above)* (42) |
| [ ] Fraud (16) | [ ] Residential (32) | **Miscellaneous Civil Petition** |
| [ ] Intellectual property (19) | [ ] Drugs (38) | [ ] Partnership and corporate governance (21) |
| [ ] Professional negligence (25) | **Judicial Review** | [ ] Other petition *(not specified above)* (43) |
| [ ] Other non-PI/PD/WD tort (35) | [ ] Asset forfeiture (05) | |
| **Employment** | [ ] Petition re: arbitration award (11) | |
| [x] Wrongful termination (36) | [ ] Writ of mandate (02) | |
| [ ] Other employment (15) | [ ] Other judicial review (39) | |

2. This case [ ] is [x] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties   d. [ ] Large number of witnesses
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   c. [ ] Substantial amount of documentary evidence   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [x] monetary b. [x] nonmonetary; declaratory or injunctive relief c. [x] punitive
4. Number of causes of action *(specify):* 6
5. This case [ ] is [x] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*
Date: 11/29/2021
D. Aaron Brock
_____   ►   _____
(TYPE OR PRINT NAME)        (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
• Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
• File this cover sheet in addition to any cover sheet required by local court rule.
• If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
• Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. September 1, 2021]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
*www.courts.ca.gov*

### INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET
**CM-010**

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice– Physicians & Surgeons
  Other Professional Health Care Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip and fall)
  Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  Intentional Infliction of Emotional Distress
  Negligent Infliction of Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/ Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court Case Matter
  Writ–Other Limited Court Case Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment *(non-domestic relations)*
  Sister State Judgment
  Administrative Agency Award *(not unpaid taxes)*
  Petition/Certification of Entry of Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-harassment)*
  Mechanics Lien
  Other Commercial Complaint Case *(non-tort/non-complex)*
  Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late Claim
  Other Civil Petition

CM-010 [Rev. September 1, 2021]

**CIVIL CASE COVER SHEET**

Page 2 of 2

 For your protection and privacy, please press the Clear This Form button after you have printed the form.

 Print this form | Save this form | Clear this form

| **SUPERIOR COURT OF CALIFORNIA**<br>**COUNTY OF ALAMEDA** | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Rene C. Davidson Courthouse<br>1225 Fallon Street, Oakland, CA 94612 | **FILED**<br>Superior Court of California<br>County of Alameda<br>11/29/2021<br>Chad Finke, Executive Officer / Clerk of the Court<br>By: _____ Deputy<br>C. Ganter |
| PLAINTIFF(S):<br>Salvatore Alioto, an individual | |
| DEFENDANT(S):<br>Covenant Aviation Security Llc an Illinois limited liability company | |
| **NOTICE OF CASE ASSIGNMENT** | CASE NUMBER:<br>21CV003258 |

### THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

Pursuant to Rule 3.734 of the California Rules of Court and Title 3 Chapter 2 of the Local Rules of the Superior Court of California, County of Alameda, this action is hereby assigned by the Presiding Judge for all purposes to:

ASSIGNED JUDGE:   Jeffrey Brand
DEPARTMENT:       22
LOCATION:         Rene C. Davidson Courthouse
                  Administration Building, 1221 Oak Street, Oakland, CA 94612
PHONE NUMBER:     (510) 267-6938
FAX NUMBER:
EMAIL ADDRESS:    Dept22@alameda.courts.ca.gov

Under direct calendaring, this case is assigned to a single judge for all purposes including trial.

Please note: In this case, any challenge pursuant to Code of Civil Procedures section 170.6 must be exercised within the time period by law. (See Code of Civ. Proc. §§ 170.6, subd. (a.)(2) and 101.3)

NOTICE OF NONAVAILABILITY OF COURT REPORTERS: Effective June 4, 2012, the court will not provide a court reporter for civil law and motion hearings, any other hearing or trial in civil departments, or any afternoon hearing in Department 201 (probate).  Parties may arrange and pay for the attendance of a certified shorthand reporter.  In limited jurisdiction cases, parties may request electronic recording. Amended Local Rule 3.95 states: "Except as otherwise required by law, in general civil case and probate departments, the services of an official court reporter are not normally available.  For civil trials, each party must serve and file a statement before the trial date indicating whether the party requests the presence of an official court reporter."

GENERAL PROCEDURES

Following assignment of a civil case to a specific department, all pleadings, papers, forms, documents and writings can be submitted for filing at either Civil Clerk's Office, located at the Rene C. Davidson Courthouse, Room 109, 1225 Fallon Street, Oakland, California, 94612, and the Hayward Hall of Justice, 24405 Amador Street, Hayward, California, 94544 and through Civil e-filing.  Information regarding Civil e-filing can be found on the courts website. All documents, with the exception of the original summons and the original civil complaint, shall have clearly typed on the face page of each document, under the case number, the following:

**NOTICE OF CASE ASSIGNMENT**

**ASSIGNED FOR ALL PURPOSES TO**
JUDGE Jeffrey Brand
DEPARTMENT 22

All parties are expected to know and comply with the Local Rules of this Court, which are available on the court's website at http://www.alameda.courts.ca.gov/Pages.aspx/Local-Rules(1) and with the California Rules of Court, which are available at www.courtinfo.ca.gov.

Parties must meet and confer to discuss the effective use of mediation or other alternative dispute processed (ADR) prior to the Initial Case Management Conference.  The court encourages parties to file a "Stipulation to Attend ADR and Delay Initial Case Management Conference for 90 Days."   The court's website contains this form and other ADR information.  If the parties do not stipulate to attend ADR, the parties must be prepared to discuss referral to ADR at the Initial Case Management Conference.

COURT RESERVATIONS

The use of the Court Reservation System (CRS) is now mandated in many civil courtrooms within the Alameda County Superior Court. Instead of calling or emailing the courtroom to make a reservation, parties with a case assigned to a courtroom using CRS are directed to utilize CRS to make and manage their own reservations, within parameters set by the courtrooms. CRS is available 24 hours a day, seven days a week and reservations can be made from a computer or smart phone. Please note, you are prohibited from reserving more than one hearing date for the same motion.

Prior to scheduling any motion on CRS, including any Applications for Orders for Appearance and Examination, or continuing any motion, please review the online information (if any) for the courtroom in which you are reserving. There may be specific and important conditions associated with certain motions and proceedings. Information is available on the court's eCourt Public Portal at www.eportal.alameda.courts.ca.gov.


Chad Finke, Executive Officer / Clerk of the Court


Chad Finke, Executive Officer/Clerk of the Court

By

C. Garner, Deputy Clerk

| SUPERIOR COURT OF CALIFORNIA COUNTY OF ALAMEDA | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS: Rene C. Davidson Courthouse 1225 Fallon Street, Oakland, CA 94612 | **FILED** Superior Court of California County of Alameda 12/02/2021 Clad Flike , Executive Officer / Clerk of the Court By: _Melly Ashury_ Deputy M. Kautz |
| PLAINTIFF: Salvatore Alioto, an individual | |
| DEFENDANT: Covenant Aviation Security Llc an Illinois limited liability company | |
| **NOTICE OF CASE MANAGEMENT CONFERENCE** | CASE NUMBER: 21CV003258 |

TO THE PLAINTIFF(S)/ATTORNY(S) FOR PLAINTIFF(S) OF RECORD:

You are ordered to serve all named defendants and file proofs of service on those defendants with the court within 60 days of the filing of the complaint (Cal. Rules of Court, 3.110(b)).

Give notice of this conference to all other parties and file proof of service.

Your Case Management Conference has been scheduled on:

> Date: 03/22/2022    Time: 2:30 PM    Dept.: 22
>
> Location: Rene C. Davidson Courthouse
> Administration Building, 1221 Oak Street, Oakland, CA 94612

TO DEFENDANT(S)/ATTORNEY(S) FOR DEFENDANT(S) OF RECORD:

The setting of the Case Management Conference does not exempt the defendant from filing a responsive pleading as required by law, you must respond as stated on the summons.

TO ALL PARTIES who have appeared before the date of the conference must:

Pursuant to California Rules of Court, 3.725, a completed Case Management Statement (Judicial Council form CM-110) must be filed and served at least 15 calendar days before the Case Management Conference. The Case Management Statement may be filed jointly by all parties/attorneys of record or individually by each party/attorney of record.

**Meet and confer,** in person or by telephone as required by Cal. Rules of Court, rule 3.724.

**Post jury fees** as required by Code of Civil Procedure section 631.

If you do not follow the orders above, the court may issue an order to show cause why you should not be sanctioned under Cal. Rules of Court, rule 2.30. Sanctions may include monetary sanctions, striking pleadings or dismissal of the action.

The judge may place a Tentative Case Management Order in your case's on-line register of actions before the conference. This order may establish a discovery schedule, set a trial date or refer the case to Alternate Dispute Resolution, such as mediation or arbitration. Check the court's eCourt Public Portal for each assigned department's procedures regarding tentative case management orders at https://eportal.alameda.courts.ca.gov.

**NOTICE OF
CASE MANAGEMENT CONFERENCE**

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF ALAMEDA | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Rene C. Davidson Courthouse<br>1225 Fallon Street, Oakland, CA 94612 | **FILED**<br>Superior Court of California<br>County of Alameda<br>12/02/2021<br>Chad Finke, Executive Officer / Clerk of the Court<br>By: _Melly Kautz_ Deputy<br>M. Kautz |
| PLAINTIFF/PETITIONER:<br>Salvatore Alioto, an individual | |
| DEFENDANT/RESPONDENT:<br>Covenant Aviation Security Llc an Illinois limited liability company | |
| **CERTIFICATE OF MAILING** | CASE NUMBER:<br>21CV003258 |

I, the below-named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Notice of Case Management Conference upon each party or counsel named below by placing the document for collection and mailing so as to cause it to be deposited in the United States mail at the courthouse in Oakland, California, one copy of the original filed/entered herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid, in accordance with standard court practices.

D. Aaron Brock
Brock & Gonzales LLP
6701 Center Drive West, Ste. 610
Los Angeles, CA 90045

Chad Finke, Executive Officer / Clerk of the Court

Dated: 12/02/2021

By:

Chad Finke, Executive Officer / Clerk of the Court
_Melly Kautz_

M. Kautz, Deputy Clerk

**CERTIFICATE OF MAILING**

POS-010

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*:
Timothy J. Gonzales, Esq. | SBN: 234923
BROCK & GONZALES LLP
6701 Center Drive West Ste 610   Los Angeles, CA 90045

TELEPHONE NO.: (310) 694-3590 | FAX NO. (310) 961-3673 | E-MAIL ADDRESS
ATTORNEY FOR *(Name)*:  Plaintiff:

FOR COURT USE ONLY

**ELECTRONICALLY FILED**
Superior Court of California,
County of Alameda
**12/22/2021 at 04:27:13 PM**
By: Andrei Gospel, Deputy Clerk

Alameda County Superior Court-Oakland

STREET ADDRESS: 1225 Fallon Street
CITY AND ZIP CODE: Oakland, CA 94612
BRANCH NAME:

PLAINTIFF/PETITIONER: SALVATORE ALIOTO, an individual
DEFENDANT/RESPONDENT: COVENANT AVIATION SECURITY, LLC, etc.

CASE NUMBER:
21CV003258

| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.:<br>Salvatore Alioto v. Covenant Aviati |
|---|---|

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.
2. I served copies of:
   a. ☑ Summons
   b. ☑ Complaint
   c. ☐ Alternative Dispute Resolution (ADR) package
   d. ☑ Civil Case Cover Sheet
   e. ☐ Cross-Complaint
   f. ☑ other *(specify documents)*: **Notice of Case Assignment; Notice of Case Management Conference**
3. a.  Party served *(specify name of party as shown on documents served)*:
   **COVENANT AVIATION SECURITY, LLC, AN ILLINOIS LIMITED LIABILITY COMPANY**

   b. ☑ Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a)*:
   **CSC Lawyers Incorporating Service, Registered Agent, by Serving Nicole Stauss - Authorized Agent**
   **Age: 26- 30 | Weight: 201-220 Lbs | Hair: Black | Sex: Female | Height: 6'1 - 6'6 | Eyes: Brown | Race: African American**
4. Address where the party was served:  **2710 Gateway Oaks Dr Ste 150N**
   **Sacramento, CA 95833-3502**
5. I served the party *(check proper box)*
   a. ☑ **by personal service.**  I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date)*: **12/22/2021**   (2) at *(time)*: **10:43 AM**
   b. ☐ **by substituted service.** On *(date)*:  at  *(time)*:  I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3b)*:

      (1) ☐ **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served.  I informed him of her of the general nature of the papers.
      (2) ☐ **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party.  I informed him or her of the general nature of the papers.
      (3) ☐ **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box.  I informed him of her of the general nature of the papers.
      (4) ☐ I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., §415.20). I mailed the documents on
         *(date)*:  from *(city)*:                        **or** ☐ a declaration of mailing is attached.
      (5) ☐ I attach a **declaration of diligence** stating actions taken first to attempt personal service.

Form Approved for Mandatory Use
Judicial Council of California
POS-010 [Rev. January 1, 2007]

**PROOF OF SERVICE OF SUMMONS**

Code of Civil Procedure, § 417.10
POS010-1/LA224864

c. ☐ **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

    (1) on *(date):*                           (2) from *(city):*

    (3) ☐ with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed* Notice and Acknowledgment of Receipt.*)* (Code Civ. Proc., § 415.30.)

    (4) ☐ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

d. ☐ **by other means** *(specify means of service and authorizing code section):*

    ☐ Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:

a. ☐ as an individual defendant.

b. ☐ as the person sued under the fictitious name of *(specify):*

c. ☐ as occupant.

d. ☑ On behalf of **COVENANT AVIATION SECURITY, LLC, AN ILLINOIS LIMITED LIABILITY COMPANY**
    under the following Code of Civil Procedure section:

| | |
|---|---|
| ☐ 416.10 (corporation) | ☐ 415.95 (business organization, form unknown) |
| ☐ 416.20 (defunct corporation) | ☐ 416.60 (minor) |
| ☐ 416.30 (joint stock company/association) | ☐ 416.70 (ward or conservatee) |
| ☐ 416.40 (association or partnership) | ☐ 416.90 (authorized person) |
| ☐ 416.50 (public entity) | ☐ 415.46 (occupant) |
| | ☑ other: **LIMITED LIABILITY COMPANY** |

7. **Person who served papers**

a. Name: **Douglas Fitzgerald - Nationwide Legal, LLC REG: 12-234648**

b. Address: **1609 James M Wood Blvd.  Los Angeles, CA 90015**

c. Telephone number: **(213) 249-9999**

d. **The fee** for service was: **$ 146.45**

e. I am:

    (1) ☐ not a registered California process server.

    (2) ☐ exempt from registration under Business and Professions Code section 22350(b).

    (3) ☑ registered California process server:

        (i) ☐ owner   ☐ employee   ☑ independent contractor.

        (ii) Registration No.: **2021-03**

        (iii) County: **Sacramento**

8. ☑ **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

    or

9. ☐ **I am a California sheriff or marshal and** I certify that the foregoing is true and correct.

Date: **12/22/2021**

**N** **Nationwide Legal, LLC**
**1609 James M Wood Blvd.**
**Los Angeles, CA 90015**
**(213) 249-9999**
**www.nationwideasap.com**

_____   ▶
**Douglas Fitzgerald**
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)

1  WILLIAM R.H. MOSHER, SBN 228253
   Email: wmosher@fisherphillips.com
2  FISHER & PHILLIPS LLP
   621 Capitol Mall, Suite 1400
3  Sacramento, California 95814
   Telephone: (916) 210-0400
4  Facsimile: (916) 210-0401

5  Attorneys for Defendant
   COVENANT AVIATION SECURITY, LLC
6

7              SUPERIOR COURT OF THE STATE OF CALIFORNIA

8                     FOR THE COUNTY OF ALAMEDA

9

10

11 SALVATORE ALIOTO,                    CASE NO. 21CV003258

                    Plaintiff,          *Assigned for all purposes to the*
12                                       *Hon. Jeffrey Brand, Dept. 22*

13        v.                            **DEFENDANT COVENANT AVIATION
                                        SECURITY'S ANSWER AND AFFIRMATIVE
14 COVENANT AVIATION SECURITY, LLC,     DEFENSES TO PLAINTIFF SALVATORE
   an Illinois limited liability company; ALIOTO'S COMPLAINT**
15 and DOES 1-50, inclusive,

16                  Defendants          Complaint Filed:   November 29, 2021
                                        Trial Date:        None Set
17

18

19

20

21

22

23

24

25

26

27

28

                 DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT
FP 42836709.1

Defendant COVENANT AVIATION SECURITY, LLC ("Defendant") hereby responds to Plaintiff SALVATORE ALIOTO'S ("Plaintiff's") Complaint as follows:

## ANSWER

Pursuant to California Code of Civil of Procedure § 431.30(d), Defendant generally denies each and every allegation and cause of action in Plaintiff's Complaint. In addition, Defendant denies that Plaintiff has sustained, or will sustain, any loss or damage in the manner or amount alleged, or otherwise, by reason of any act or omission, or any other conduct or absence thereof on the part of Defendant.

## AFFIRMATIVE DEFENSES

For a further answer to Plaintiff's Complaint and by way of affirmative defenses, Defendant allege as follows:

## FIRST AFFIRMATIVE DEFENSE

1.      Plaintiff's Complaint, and each and every cause of action therein, fails to state facts sufficient to constitute any cause of action against any Defendant.

## SECOND AFFIRMATIVE DEFENSE

2.      Plaintiff's Complaint, and each and every cause of action therein, is barred by the applicable statute of limitations, including but not limited to: California Code of Civil Procedure §§ 335.1, 337, 338(a), 339, 340(a), and 343, California Labor Code § 203, California Business & Professions Code §§ 16750.1 and 17208, and any other applicable state or federal laws.

## THIRD AFFIRMATIVE DEFENSE

3.      The alleged acts of the DOE Defendants of which Plaintiff complains were all undertaken outside the scope of their agency and/or contractual relationship, if any, with Defendant and without the knowledge or consent of Defendant, and Defendant may not be held liable for such acts.

## FOURTH AFFIRMATIVE DEFENSE

4.      Plaintiff, by reason of his knowledge, statements and conduct, is estopped to complain of any act or omission on the part of any Defendant, if any there were.

## FIFTH AFFIRMATIVE DEFENSE

5.      Plaintiff's Complaint, and each cause of action contained therein, is barred by the doctrine of waiver.

1

**SIXTH AFFIRMATIVE DEFENSE**

2

6.      Plaintiff's Complaint, and each cause of action contained therein, is barred by the doctrine

3

of unclean hands.

4

**SEVENTH AFFIRMATIVE DEFENSE**

5

7.      Defendant are not responsible for Plaintiff's harm, if any, because Plaintiff consented to

6

Defendant's performance of the actions alleged.

7

**EIGHTH AFFIRMATIVE DEFENSE**

8

8.      Plaintiff is guilty of undue delay in filing and prosecuting this suit, and accordingly, this

9

action is barred by laches.

10

**NINTH AFFIRMATIVE DEFENSE**

11

9.      Plaintiff's claims are barred by his failure to exhaust his administrative remedies.

12

**TENTH AFFIRMATIVE DEFENSE**

13

10.      Plaintiff's purported claims for emotional distress damages are barred because the

14

exclusive remedy for Plaintiff's alleged emotional distress and other injuries, if any, is before the

15

California Workers' Compensation Appeals Board pursuant to the exclusive remedy provisions of the

16

California Workers' Compensation Act (California Labor Code § 3600, *et seq*.). Plaintiff's Complaint

17

alleges an injury compensable under the California Workers' Compensation Act because Plaintiff alleges

18

that his injuries: (1) occurred at a time when both Plaintiff and Defendant were subject to Labor Code

19

§ 3600(a), (2) occurred in the course of and incidental to Plaintiff's employment, and (3) were

20

proximately caused by Plaintiff's employment.

21

**ELEVENTH AFFIRMATIVE DEFENSE**

22

11.      Any recovery on Plaintiff's Complaint, or on any cause of action contained therein, is

23

barred by California Labor Code §§ 2854 and 2856 in that Plaintiff failed to use ordinary care and

24

diligence in the performance of his duties and failed to comply substantially with the reasonable

25

directions of his employer.

26

**TWELFTH AFFIRMATIVE DEFENSE**

27

12.      Plaintiff's claims are barred because none of the actions that Plaintiff performed were

28

protected as a matter of law.

DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT

FP 42836709.1

## THIRTEENTH AFFIRMATIVE DEFENSE

13.     Plaintiff's Complaint, and each purported cause of action alleged therein, is barred in whole or in part by the doctrine of after-acquired evidence.

## FOURTEENTH AFFIRMATIVE DEFENSE

14.     Plaintiff's claims are barred because Defendant did not perform any of the alleged actions with the intent to retaliate against Plaintiff for his performance of any protected action.

## FIFTEENTH AFFIRMATIVE DEFENSE

15.     At all times, Defendant's treatment of Plaintiff was just, fair, privileged, with good cause, non-discriminatory, non-retaliatory, and in good faith.

## SIXTEENTH AFFIRMATIVE DEFENSE

16.     The alleged acts of which Plaintiff complains were based on reasonable factors other than disability, race, color, national origin, ancestry, sex, religion, creed, gender, marital status, age, sexual orientation, or any other prohibited factor, including Plaintiff's alleged race, disability, sex, gender, religion, or age.

## SEVENTEENTH AFFIRMATIVE DEFENSE

17.     Plaintiff's claims are barred because there existed legitimate, non-discriminatory, and non-retaliatory reasons for the alleged acts of Defendant of which Plaintiff complains.

## EIGHTEENTH AFFIRMATIVE DEFENSE

18.     Plaintiff's claims are barred in whole or in part because any and all actions taken by Defendant with respect to Plaintiff were job related for the position in question and consistent with business necessity.

## NINETEENTH AFFIRMATIVE DEFENSE

19.     Plaintiff's claims are barred in whole or in part because any and all actions taken by Defendant with respect to Plaintiff served in a significant way the legitimate business-related goals of Defendant.

///

///

///

1

## TWENTIETH AFFIRMATIVE DEFENSE

2

20.    To the extent Plaintiff can prove that any illegal factor was a motivating factor in any

3

action taken by Defendant, which Defendant hereby denies, Plaintiff's damages are barred in whole or

4

in part because Defendant would have taken the same action for permissible reasons alone.

5

## TWENTY-FIRST AFFIRMATIVE DEFENSE

6

21.    Plaintiff's claims for failure to engage in the interactive process are barred because

7

Plaintiff failed to cooperate with Defendant in a good faith interactive process.

8

## TWENTY-SECOND AFFIRMATIVE DEFENSE

9

22.    Plaintiff's claims for failure to accommodate are barred in that that Plaintiff failed to take

10

reasonable steps to notify Defendant of his disability and/or his need for an accommodation.

11

## TWENTY-THIRD AFFIRMATIVE DEFENSE

12

23.    Plaintiff's claims for failure to accommodate are barred in that that Plaintiff failed to

13

accept the reasonable accommodations he was offered by Defendant.

14

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

15

24.    Plaintiff's claims for failure to accommodate are barred because the accommodations

16

sought by Plaintiff were not reasonable and would have imposed an undue hardship on Defendant.

17

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

18

25.    Plaintiff's claims for failure to accommodate are barred because the accommodations

19

sought by Plaintiff would not have enabled him to perform his required job responsibilities.

20

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

21

26.    Any recovery on Plaintiff's Complaint, and each cause of action contained therein, must

22

be barred or reduced to the extent that Plaintiff did not exercise reasonable care and failed to take

23

advantage of, and exhaust, the preventive or corrective opportunities provided by Defendant.

24

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

25

27.    Plaintiff's claims are barred because, to the extent that any actions of Defendant could be

26

construed as unlawful harassment, discrimination, or retaliation (which Defendant denies), Defendant

27

took immediate and appropriate corrective action to remedy and stop such conduct.

28

///

DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT

FP 42836709.1

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

28.     Plaintiff frustrated and prevented Defendant from thoroughly investigating any allegations of unlawful harassment, discrimination, or retaliation by failing or refusing to report his allegations to Defendant in a timely manner, notwithstanding the opportunity for him to do so without fear of retaliation. Therefore, any alleged failure by Defendant to take remedial or disciplinary measures resulted entirely from Plaintiff's frustration of Defendant's ability to remedy any allegedly unlawful discrimination or retaliation.

### TWENTY-NINTH AFFIRMATIVE DEFENSE

29.     Plaintiff's FEHA-based causes of action are barred in whole or in part because Plaintiff failed to exhaust his administrative remedies under the California Fair Employment and Housing Act, Government Code § 12900, *et seq*.

### THIRTIETH AFFIRMATIVE DEFENSE

30.     To the extent Plaintiff suffered any symptoms of mental or emotional distress or injury, they were the result of a pre-existing psychological disorder or alternative concurrent cause, and not the result of any act or omission of Defendant.

### THIRTY-FIRST AFFIRMATIVE DEFENSE

31.     To the extent Plaintiff suffered any symptoms of mental or emotional distress or injury, Plaintiff's claims against Defendant related thereto are barred because Defendant's actions were not extreme or outrageous.

### THIRTY-SECOND AFFIRMATIVE DEFENSE

32.     To the extent Plaintiff suffered any symptoms of mental or emotional distress or injury, Plaintiff's claims against Defendant related thereto are barred because Defendant's actions were not intended to cause Plaintiff emotional distress and Defendant did not perform any actions with reckless disregard of the probability that they would cause Plaintiff emotional distress.

### THIRTY-THIRD AFFIRMATIVE DEFENSE

33.     To the extent Plaintiff suffered any symptoms of mental or emotional distress or injury, Plaintiff's claims against Defendant related thereto are barred because Defendant's conduct was not a substantial factor in causing Plaintiff emotional distress.

FP 42836709.1

1

### THIRTY-FOURTH AFFIRMATIVE DEFENSE

2

34.     Plaintiff's claims for wrongful termination in violation of public policy are barred in that

3

Defendant's actions did not violate a public policy or statute of the State of California.

4

### THIRTY-FIFTH AFFIRMATIVE DEFENSE

5

35.     Plaintiff's claims are barred by California Labor Code § 2922, in that Plaintiff's

6

employment with Defendant and/or any of them was for no specified term and could be terminated at

7

the will of either party with or without cause.

8

### THIRTY-SIXTH AFFIRMATIVE DEFENSE

9

36.     Plaintiff's claims are barred in that if any purported employment agreement between

10

Plaintiff and any Defendant required good cause for termination, Defendant and/or each of them had

11

good, just, and proper cause to terminate Plaintiff's employment.

12

### THIRTY-SEVENTH AFFIRMATIVE DEFENSE

13

37.     Plaintiff's claims are barred because Plaintiff suffered no harm as the result of any actions

14

performed by Defendant.

15

### THIRTY-EIGHTH AFFIRMATIVE DEFENSE

16

38.     The injuries which Plaintiff alleges in his Complaint, and each cause of action contained

17

therein, if they exist at all, resulted from a cause or causes not proximately related to any act or omission

18

by Defendant.

19

### THIRTY-NINTH AFFIRMATIVE DEFENSE

20

39.     Any recovery on Plaintiff's Complaint, or any cause of action contained therein, is barred

21

in whole or in part by Plaintiff's failure to mitigate his damages.

22

### FORTIETH AFFIRMATIVE DEFENSE

23

40.     Plaintiff did not exercise ordinary care on his own behalf, and his own acts and omissions

24

proximately caused and/or contributed to the loss, injury, damage, or detriment alleged by Plaintiff, and

25

Plaintiff's recovery from Defendant, if any, should be reduced in proportion to the percentage of

26

Plaintiff's negligence or fault.

27

///

28

///

DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT

FP 42836709.1

## FORTY-FIRST AFFIRMATIVE DEFENSE

41.     Although Defendant maintain that Plaintiff cannot establish any claim for restitution or other damages, should Defendant be found liable for any amount of restitution or damages, Defendant maintain that such amounts are barred legally, or subject to an equitable offset, due to damages suffered by Defendant which were caused by the wrongful conduct of Plaintiff.

## FORTY-SECOND AFFIRMATIVE DEFENSE

42.     The Complaint, and each cause of action contained therein, fails to state a cause or causes of action for punitive damages against Defendant under California Civil Code § § 3294 and 3295.

## FORTY-THIRD AFFIRMATIVE DEFENSE

43.     Plaintiff is not entitled to recover punitive or exemplary damages from Defendant on the grounds that any such award would violate Defendant's constitutional rights under the Due Process Clauses of the Fifth and Fourteenth Amendments of the United States Constitution.

## FORTY-FOURTH AFFIRMATIVE DEFENSE

44.     The Complaint, and each cause of action contained therein, fails to state a cause or causes of action for punitive damages against Defendant because any allegedly harassing, discriminatory, or retaliatory conduct by any Defendant's employees was contrary to Defendant's anti-harassment, anti-discrimination, and anti-retaliation policies, which they implemented in good faith and fairly and adequately enforced.

## FORTY-FIFTH AFFIRMATIVE DEFENSE

45.     An award of penalties against Defendant under the circumstances of this case would constitute an excessive fine and otherwise be unconstitutional to the extent that the penalty is disproportionate to actual losses suffered by the Plaintiff.

## FORTY-SIXTH AFFIRMATIVE DEFENSE

46.     Plaintiff's request for injunctive relief and/or restitution is barred to the extent that Plaintiff had an adequate remedy at law including monetary damages, interest, and an award of attorneys' fees and costs.

///

///

## FORTY-SEVENTH AFFIRMATIVE DEFENSE

47.     The Complaint, and each and purported cause of action alleged therein, fails to state a cause of action for attorneys' fees against Defendant.

## FORTY-EIGHTH AFFIRMATIVE DEFENSE

48.     Plaintiff's claims are preempted in whole or in part by Section 301 of the Labor Management Relations Act of 1947, 29 U.S.C. § 185(a).

## FORTY-NINTH AFFIRMATIVE DEFENSE

49.     Plaintiff's claims are preempted in whole or in part as they arise out of a collective bargaining agreement and require the interpretation of that collective bargaining agreement.

## FIFTIETH AFFIRMATIVE DEFENSE

50.     Plaintiff's claims are barred because he failed to assert them within the time period required by an applicable collective bargaining agreement.

## FIFTY-FIRST AFFIRMATIVE DEFENSE

51.     Plaintiff's claims are barred because he failed to exhaust the grievance and arbitration procedure required by an applicable collective bargaining agreement.

## FIFTY-SECOND AFFIRMATIVE DEFENSE

52.     Plaintiff's claims are subject to binding arbitration pursuant to a collective bargaining agreement.

## FIFTY-THIRD AFFIRMATIVE DEFENSE

53.     Defendant expressly reserve the right to amend, supplement, alter, or change their Answer and affirmative defenses upon revelation of more definitive facts by Plaintiff and upon Defendant's undertaking of discovery and investigation of this matter. Accordingly, the right to assert additional affirmative defenses, if and to the extent that such affirmative defenses are applicable, is hereby reserved.

## PRAYER

WHEREFORE, this answering Defendant prays as follows:

1.     That Plaintiff takes nothing by his Complaint;

2.     That Plaintiff's Complaint be dismissed in its entirety with prejudice;

DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT

FP 42836709.1

3.      That Defendant recover its costs of suit herein, including its reasonable attorneys' fees; and

4.      That the Court award such other and further relief as it deems appropriate.

DATE: January 19, 2022          FISHER & PHILLIPS LLP

By: _____
     WILLIAM R.H. MOSHER

     Attorneys for Defendant
     SALVATORE ALIOTO

DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT

FP 42836709.1

1

**PROOF OF SERVICE**
(CCP § 1013(a) and 2015.5)

2

3         I, the undersigned, am at least 18 years old and not a party to this action. I am employed in the
County of Sacramento with the law offices of Fisher & Phillips LLP and its business address is 621
4  Capitol Mall, Suite 1400, Sacramento, California 95814.

5         On **January 19, 2022**, I served the foregoing document(s) **DEFENDANT COVENANT
AVIATION SECURITY, LLC'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF**
6  **SALVATORE ALIOTO'S COMPLAINT** on the person(s) listed below as follows:

7
Timothy J. Gonzales, Esq.                      Attorneys for Plaintiff
8  D. Aaron Brock, Esq.                           *SALVATORE ALIOTO*
BROCK & GONZALES, LLP
9  6701 Center Drive West, Suite 610              Facsimile: (310) 961-3673
Los Angeles, CA 90045                          Emails: tg@brockgonzales.com
10                                                        ab@brockgonzales.com

11  ☒     **[by MAIL]** - I enclosed the document(s) in a sealed envelope or package addressed to the
person(s) whose address(es) are listed above and placed the envelope for collection and mailing,
12        following our ordinary business practices. I am readily familiar with this firm's practice for
collecting and processing correspondence for mailing. On the same day that correspondence is
13        placed for collection and mailing, it is deposited in the ordinary course of business with the
United States Postal Service in Sacramento, California, in a sealed envelope with postage fully
14        prepaid.

15  ☐     **[by FAX]** - Based on an agreement of the parties to accept service by fax transmission, I faxed
the document(s) to the person(s) at fax number(s) listed above from fax number (916) 210-0401.
16        The machine printed a record of the transmission, and no error was reported by the machine.

17  ☐     **[by OVERNIGHT DELIVERY]** - I enclosed the document(s) in an envelope or package
provided by an overnight delivery carrier and addressed to the person(s) at the address(es) listed
18        above. I placed the envelope or package for collection and overnight delivery at an office or a
regularly utilized drop box of the overnight carrier.
19

20  ☒     **[by ELECTRONIC SERVICE]** - I electronically served the document(s) to the person(s) at the
electronic service address(es) listed above.

21        I declare under penalty of perjury under the laws of the State of California that the foregoing is
true and correct.
22

23        Executed **January 19, 2022**, at Sacramento, California.

24  Nancy Galeno                       By: _____
          Print Name                                              Signature
25

26

27

28

1
PROOF OF SERVICE